UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

RICHARD E. WARREN, JR.,   No. 07-11283

                         Debtor(s).
_____/

JOHN J. FORD III, et al.,

                         Plaintiff(s),

     v.   A.P. No. 08-1014

RICHARD E. WARREN, JR.,

                         Defendant(s).
_____/

Memorandum on Motion for Summary Judgment
_____

       Before debtor Richard Warren filed his Chapter 7 petition, the state court entered a default judgment against him for over $4 million. The judgment recites that Warren, a foreclosure consultant, obtained a deed from plaintiff John Ford "in violation of California Civil Code Section 2945(b)(2) and by fraud." This adversary proceeding seeks to declare that the judgment is nondischargeable pursuant to § 523(a)(2) of the Bankruptcy Code on account of fraud. Ford's motion for summary judgment is now before the court.

       The court notes that there is no such section as Civil Code § 2945(b)(2). Assuming that this was a

1

drafting error by Ford's counsel, it is still clear that the judgment was based equally on statutory violations and fraud. Since the relief obtained by Ford could have been based on statutory violation alone, the finding of fraud was not necessary to the judgment. See *Four Star Elec. v. F & H Constr.*, 7 Cal.App. 4th 1375, 1379-80 (Cal.App.1992). Accordingly, Warren is not precluded from defending this action. .

For the foregoing reasons, Ford's motion for summary judgment will be denied. If Warren is successful in setting aside his default in this case due to his failure to attend the scheduling conference, he shall submit an appropriate form of order.

Dated: April 22, 2008

Alan Jaroslovsky
U.S. Bankruptcy Judge